```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DISCOVERYLOGIX, LLC,

                          Plaintiff,              13 Civ. 4025 (PKC)

        -against-                                 MEMORANDUM
                                                  AND ORDER
HAYSTAC, LLC,

                          Defendant.
-----------------------------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-9-13

P. KEVIN CASTEL, District Judge:

        Plaintiff DiscoveryLogix, LLC ("DiscoveryLogix") originally filed this action in New York Supreme Court, New York County, alleging that defendant Haystac, LLC ("Haystac") breached an independent broker agreement (the "Agreement") between the parties by, among other things, failing to remit to plaintiff certain commissions. Defendant removed the action to this Court, invoking the Court's jurisdiction under 28 U.S.C. § 1332. Plaintiff now moves to remand the action for lack of subject-matter jurisdiction and for an award of costs and attorney's fees. As stated below, because the Court concludes that the amount-in-controversy requirement for diversity jurisdiction is not met, the motion to remand is granted. To the extent the motion seeks an award of costs and attorney's fees, it is denied.

I.   Subject-Matter Jurisdiction

        Section 1332 states, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). When a complaint names a limited liability company as a party, diversity turns on the citizenship of the members of the limited liability company. See Handelsman v.

Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000). According to the Complaint and the Notice of Removal, the members of plaintiff, a limited liability company, are citizens of New York and Texas, and the members of defendant, also a limited liability company, are citizens of Massachusetts and Russia. (Notice of Removal ¶ 2; Compl. ¶¶ 3, 5.) Thus, the requirement of complete diversity appears to be satisfied.

Plaintiff contends, however, that the amount-in-controversy requirement is not satisfied. The removing party "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000) (citation and quotation marks omitted). The Court looks first to the complaint and then to the notice of removal. Id. "Where the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994).

As alleged in the Complaint, the Agreement provided that "DiscoveryLogix was to act as Haystac's 'non-exclusive intermediary' to locate and introduce potential customers for certain of Haystac's services." (Compl. ¶ 7.) Once a potential customer was identified by DiscoveryLogix and approved by Haystac, it was designated as a "Prospect." (Id. ¶ 9.) Under the Agreement, "when a Prospect engaged Haystac for its services for a Project, Haystac was required to pay DiscoveryLogix a commission equal to fifty percent (50%) of the 'Gross Profits' of all payments received by Haystac from the Prospect for a term of 3 years" (a "Commission"). (Id. ¶ 11.) "DiscoveryLogix was entitled to such payments for any Projects for which Haystac was engaged by a Prospect throughout the term of the . . . Agreement and for a period of

eighteen (18) months following its expiration or termination." (Id. ¶ 12.) DiscoveryLogix alleges that it performed its obligations under the Agreement, bringing several customers to Haystac, and that Haystac breached the Agreement by failing to remit the required Commissions to DiscoveryLogix. (Id. ¶¶ 17-19, 23.) DiscoveryLogix also alleges that Haystac failed to meet its contractual obligation under the Agreement to provide quarterly reports of costs and revenues related to the Agreement (id. ¶¶ 14, 24) and further breached the Agreement by "circumventing" plaintiff with regard to a Prospect identified pursuant to the Agreement. (Id. ¶ 20.) DiscoveryLogix terminated the Agreement on January 18, 2013. (Id. ¶ 22.)

The Complaint does not specify the amount of damages sought. According to plaintiff, this is because, as alleged in the Complaint, defendant failed to meet its contractual obligation to provide quarterly reports of costs and revenues related to the Agreement. (Id. ¶¶ 14, 24).

The Complaint does allege that the New York Supreme Court "has jurisdiction under New York Civil Practice Law and Rules § 302 and under General Obligations Law Sections 5-1401 and 5-1402 because the parties' contractual agreement at issue (1) <u>relates to an obligation of more than $1 million</u> . . . ." (Compl. ¶ 1 (emphasis added); see Notice of Removal ¶ 3.) Defendant would have the Court read this language as alleging that the Agreement obligated defendant to transfer more than $1 million to plaintiff and that defendant has not done so, thereby satisfying the jurisdictional minimum. In context, however, it appears to be an attempt to track the language of the cited statutory provision, which relates to the size of a transaction, not the size of a dispute. Read in the context of the statute, it amounts to no more than an allegation that the Agreement "is a contract . . . relating to any obligation arising out of a transaction covering in the aggregate, not less than one million dollars . . . ." N.Y. Gen. Oblig.

3

Law § 5-1402(1)(a). An allegation as to the size of the original transaction is not determinative of the amount in controversy in the action. See Cambridge Nutrition A.G. v. Fotheringham, 840 F. Supp. 299, 302 (S.D.N.Y. 1994) (rejecting argument "that the requisite amounts specified in §§ 5–1401 and 1402 do not refer to the total value of the contract, but to the sum of money in dispute in the lawsuit—in this case, the value of the non-compete clause which is $10,000" and concluding that "[b]ecause the non-compete clause sued upon is an integral part of the Agreement to sell shares to CNI—a transaction totaling in excess of $1 million—the requisite amounts of both §§ 5–1401 and 1402 have been met"). Thus, the Court cannot conclude from a fair reading of the Complaint and the Notice of Removal that the jurisdictional minimum has been satisfied.

In an Order dated July 18, 2013, the Court noted that "it appears necessary for the Court to look beyond the pleadings," and directed plaintiff to "serve on defendant an interrogatory seeking an identification of the revenues and, separately, the expenses for each Prospect for which plaintiff claims it may be owed a Commission under the Agreement." (Dk. No. 11.) Defendant's responses to the propounded interrogatories (Dk. No. 12) fail to establish the requite amount in controversy.

Haystac denies that it has entered into any Project with a Prospect for which DiscoveryLogix may be entitled to a Commission under the Agreement. (Id. at 5-7.) Even assuming, however, that each agreement with a third party identified by Haystac in its responses to the interrogatories could give rise to a Commission under the Agreement (a proposition that Haystac rejects), the revenue and cost figures supplied by Haystac—the party seeking to invoke diversity jurisdiction—show that, to date, costs associated with these agreements have exceeded revenues, and thus no Commissions are due. (Id. at 8-13.)

Nonetheless, Haystac states that it "'intends,' if its efforts are successful, and if its products and services find acceptance in the market as they appear to be doing, to bill millions of dollars to potential customers, possibly including some of the Prospects . . . ." (Id. at 10; see id. at 10 n.2 ("Haystac is fairly confident that it will succeed and procure contracts worth millions of dollars.").) Haystac argues that DiscoveryLogix will attempt to collect these sums in the litigation and that such anticipated future revenues should therefore be taken into account in determining the amount in controversy. (Id. at 10-12.) Haystac may in time turn a substantial profit on some or all of the agreements for which DiscoveryLogix contends it is entitled to a Commission, but such speculation does not satisfy Haystac's present "burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Mehlenbacher, 216 F.3d at 296 (citation and quotation marks omitted). Thus, Haystac has not established subject-matter jurisdiction and remand is required.

## II. Costs And Attorney's Fees

Plaintiff seeks an award of costs and attorney's fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Applying this standard, plaintiff is not entitled to costs or fees. Defendant's removal petition was premised on the wording on the Complaint, which stated on its face that "the parties' contractual agreement at issue (1) relates to an obligation of more than $1 million . . . ." (Compl. ¶ 1.)

Although the Court ultimately disagrees that this allegation, taken in context, pleads a basis for federal jurisdiction, it cannot say that defendant's position was objectively unreasonable.

## CONCLUSION

For the reasons stated, plaintiff's motion (Dk. No. 4) is granted to the extent that the case is remanded to the New York Supreme Court, New York County, because this Court lacks subject-matter jurisdiction. So much of the motion as seeks costs and attorney's fees is denied.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 9, 2013